NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

COMMONWEALTH OF KENTUCKY
SIMPSON CIRCUIT COURT
CIVIL ACTION NO.: _____
*Electronically Filed*

SIARA L. DAVIS                                                    PLAINTIFF

v.

GULZAR SINGH

**Serve**: Gulzar Singh
          66 Literacy Drive
          Brampton, ON  L6P3E

and

MN CARRIER LTD                                                   DEFENDANTS

**Serve**: Truck Process Agents of America, Inc.
          c/o Ethan Donohoo
          106 East 12th Street
          Benton, KY  42025

_____

**COMPLAINT**

_____

Plaintiff, Siara L. Davis for her Complaint against Defendants, Gulzar Singh and MN Carrier

LTD, state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff, Siara L. Davis, is a citizen and resident of the Commonwealth of Kentucky,

residing in Franklin, Kentucky.

2.      At all relevant times, Defendant, Gulzar Singh ("Defendant Singh"), is a citizen

and resident of Canada, residing at 66 Literacy Drive, Brampton, ON L6P3E, and can receive

service at that address.

NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

3.      At all relevant times, Defendant, MN Carrier LTD is a Canadian corporation, incorporated under the laws of the Province of Ontario, Canada, with its principal place of business located at 11339 Albion Vaughan Line, Kleinburg, ON L031C.

4.      Defendant MN Carrier LTD has designated Ethan Donohoo as its registered agent of process, who can receive service by Certified Mail to Ethan Donohoo, 106 East 12th Street, Benton, KY 42025.

5.      At all relevant times, Defendant Gulzar Singh was the employee, agent, servant, and/or statutory employee for Defendant MN Carrier LTD, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant MN Carrier LTD.  Accordingly, Defendant MN Carrier LTD is vicariously liable for the acts of Defendant Gulzar Singh.

6.      The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7.      Venue in Simpson Circuit Court is appropriate because the collision giving rise to this lawsuit occurred in Glasgow, Simpson County, Kentucky on March 24, 2022.

## COUNT I – COMMON LAW NEGLIGENCE AGAINST DEFENDANTS
## GULZAR SINGH & MN CARRIER LTD

8.      On or about March 24, 2022, in Franklin, Simpson County, Kentucky, Defendant Gulzar Singh was operating a 2016 Freightliner Cascadia on Interstate 65 southbound near mile marker 5.

9.      The tractor trailer was operated by Defendant Gulzar Singh on behalf of his employer, Defendant MN Carrier LTD.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000002 of 000006

2

Filed          22-CI-00202        07/28/2022         Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

10.    As Defendant Gulzar Singh was traveling in the middle lane, he approached slowed traffic and failed to see that traffic was stopped, which resulted in Defendant Singh colliding with multiple vehicles, one of which being Plaintiff's vehicle.

11.    Defendant Gulzar Singh operated the tractor trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant MN Carrier LTD is vicariously liable.

12.    As a direct and proximate result of the gross negligence and carelessness of Defendants Gulzar Singh and MN Carrier LTD, the Plaintiff, Siara L. Davis, sustained serious and permanent injuries to her body, causing her to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life, and impairment of earning capacity.  Ms. Davis also suffered damage to her personal property for which she has not been compensated.

13.    As a result of the injuries suffered from Defendants' negligence the Plaintiff, Siara L. Davis, has incurred and seeks to recover damages in excess of $75,000.

14.    Plaintiff, Siara L. Davis, will continue to suffer such damages in the future, as her injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of her injuries.

## COUNT II – NEGLIGENCE *PER SE* AGAINST DEFENDANTS GULZAR SINGH & MN CARRIER LTD

15.    Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

16.    Defendant Gulzar Singh violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff,

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000003 of 000006

3

NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant MN Carrier LTD is vicariously liable.

17.     The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Gulzar Singh's violation of these statutes, for which Defendant MN Carrier LTD is vicariously liable.

18.     As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Gulzar Singh and MN Carrier LTD, the Plaintiff, Siara L. Davis, sustained serious and permanent injuries to his body, causing him to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity.  Ms. Davis also suffered damage to her personal property for which she has not been compensated.

19.     Plaintiff, Siara L. Davis, will continue to suffer such damages in the future, as his injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of her injuries.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT MN CARRIER LTD

20.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

21.     Defendant MN Carrier LTD had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant Gulzar Singh, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

22.     Defendant MN Carrier LTD had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

4

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000004 of 000006

Filed              22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

23.     Defendant MN Carrier LTD was negligent, careless, and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

24.     Defendant MN Carrier LTD violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

25.     As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Gulzar Singh and MN Carrier LTD, the Plaintiff, Siara L. Davis, sustained serious and permanent injuries to her body, causing her to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity.  Ms. Davis also suffered damage to her personal property for which she has not been compensated.

26.     Plaintiff, Siara L. Davis, will continue to suffer such damages in the future, as her injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of her injuries.

**WHEREFORE**, Plaintiff, Siara L. Davis, demands judgment against Defendants Gulzar Singh and MN Carrier LTD as follows:

A.  A trial by jury on all issues of fact herein;

B.  For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.  For Plaintiff's costs herein expended; and,

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000005 of 000006

5

NOT ORIGINAL DOCUMENT
10/19/2022 01:13:37 PM
90450-23

E.  For any and all other relief to which the Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiffs as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Rawlings Company LLC
Subrogation Division
PO Box 2000
LaGrange, KY  40031
ATTN: Subrogation Department
13550 Triton Park Boulevard
Louisville, KY  40223

/s/ Adrian Mendiondo
ADRIAN MENDIONDO
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
Counsel for Plaintiff



| | |
|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | NOT ORIGINAL DOCUMENT<br>10/19/2022   Case #: **22-CI-00202**<br>904650 22   Court: **CIRCUIT**<br>County: **SIMPSON** |

## CIVIL SUMMONS

*Plantiff,* **DAVIS, SIARA L VS. SINGH, GULZAR ET AL**, *Defendant*

TO:   **GULZAR SINGH**

     **66 LITERACY DRIVE**

     **BRAMPTON, ON,**

Memo: Gulzar Singh - Canadian address not accepted in address section.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                     /s/ Beth A. Fiss, Simpson<br>
                     Circuit Clerk<br>
                     Date: **7/28/2022**

*Presiding Judge: HON. MARK A. THURMOND (649413)*

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

Date: _____, 20_____

                   _____<br>
                         Served By<br>
                   _____<br>
                         Title

*CI : 000001 of 000001*


eFiled



| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | | Case #: **22-CI-00202**<br>~~10/19/2022~~<br>~~904650 22~~<br>Court: **CIRCUIT**<br>County: **SIMPSON** |
|---|---|---|
| | **CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT |

*Plaintiff,* **DAVIS, SIARA L VS. SINGH, GULZAR ET AL**, *Defendant*

TO:    **TRUCK PROCESS AGENTS OF AMERICA, INC.**

   **C/O ETHAN DONOHOO**

   **106 EAST 12TH STREET**

   **BENTON, KY 42025**

Memo: Related party is MN CARRIER LTD

The Commonwealth of Kentucky to Defendant:
**MN CARRIER LTD**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.


   /s/ Beth A. Fiss, Simpson
   Circuit Clerk
   Date: **7/28/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                                                                 Served By

                                                                     _____
                                                                                 Title



eFiled

*Presiding Judge: HON. MARK A. THURMOND (649413)*

*CI : 000001 of 000001*

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

## COMMONWEALTH OF KENTUCKY
### SIMPSON CIRCUIT COURT
CIVIL ACTION NO.: _____
*Electronically Filed*

SIARA L. DAVIS                                         PLAINTIFF

v.

GULZAR SINGH
and MN CARRIER LTD                                     DEFENDANTS

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, GULZAR SINGH

---

Comes the Plaintiff by counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, Gulzar Singh, states as follows:

### **INTERROGATORIES**:

**INTERROGATORY NO. 1**:  Describe your drive leading up to the collision, including the exact route that you followed from the point where your trip commenced to the point where the accident occurred, where were you coming from and where were you going, and your purpose in driving to your destination.

**ANSWER**:

**INTERROGATORY NO. 2**:  Describe in detail how the collision occurred and all actions taken by you to prevent the collision. If there is more than one version of events, describe each separately and its source.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000001 of 000007

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**INTERROGATORY NO. 3**:  Identify each person who you contend contributed in any way to causing the collision at issue and describe in detail each act or omission on the part of any each such person that you contend contributed to causing the collision.

**ANSWER**:

**INTERROGATORY NO. 4**:  State the facts upon which you rely for each affirmative defense in your Answer.

**ANSWER:**

**INTERROGATORY NO. 5**:  State the full name and address of each person who witnessed or claims to have witnessed the accident.

**ANSWER**:

**INTERROGATORY NO. 6**:  State the full name and address of each person not named in the interrogatory above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after the accident.

**ANSWER**:

**INTERROGATORY NO. 7**:  Did you give a statement, oral, or written to anyone concerning the incidents as alleged in this suit? If so, state the name and address of such person taking such statement.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000002 of 000007

Filed          22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**INTERROGATORY NO. 8**:  State the condition of the roads and the weather at the time of the accident as alleged in this suit.

**ANSWER**:

**INTERROGATORY NO. 9**:  Give the name of all insurance carriers, the policy numbers, and the monetary limits of liability coverage that were in effect for the tractor and trailer at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 10**: Please state the place of your employment, supervisors, type of work, and the length of time you were employed at each place of employment for the six months prior to the collision.

**ANSWER**:

**INTERROGATORY NO. 11:** Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000003 of 000007

Filed          22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**INTERROGATORY NO. 13:** Has any person whose name is contained in the Answer to the above Interrogatory given a written or recorded statement to your or your agent, and if so, please state the name and address of such person, and the name and address of the person who has the present custody or control of each statement.

**ANSWER**:

**INTERROGATORY NO. 14**: List any and all items you intend to offer as exhibits at trial and describe each and explain how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 15:** Identify and describe any and all demonstrative evidence you intend to use at trial and describe how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 16**: If you, your agent, your attorneys, insurance company, or anyone on your behalf requested and/or received any information from any computer information source or center concerning the Plaintiff in this suit, please state the name, address, and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, and job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000004 of 000007

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

Filed 22-CI-00202 07/28/2022 Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**INTERROGATORY NO. 17:** If there has been a surveillance of Plaintiff's activities from the date of the incident(s) referred to in Plaintiff's Amended Complaint to the present, and if so state:

    (a)    The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

    (b)    Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

    (c)    Whether Defendant is in possession of surveillance photographs, slides, or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

**ANSWER**:

**INTERROGATORY NO. 18:** Please state whether you completed a driver's accident report form detailing the incident of March 24, 2022.

**ANSWER**:

**INTERROGATORY NO. 19:** Did any mechanical defect in the motor vehicle you were driving at the time of the incident described in the Complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

**ANSWER:**

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000005 of 000007

Filed 22-CI-00202 07/28/2022 Beth A. Fiss, Simpson Circuit Clerk

Filed         22-CI-00202      07/28/2022      Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**INTERROGATORY NO. 20**:  Did you cause, or contribute in any way to the cause of, the collision?   If yes, please describe with particularity everything you did that caused, or contributed in way to the cause of, the collision.

**ANSWER:**

**INTERROGATORY NO. 21**:  Do you contend the personal injuries of Plaintiff were not caused by the collision with your vehicle? If so state with particularity the facts upon which you base your contention.

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**:   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**:  Produce copies of any and all vehicle insurance policies listed above.

**RESPONSE**:

**REQUEST NO. 3**:  Please produce copies of all photographs, video tapes, slides, and motion pictures in Defendant's possession which are relevant to the allegations of Plaintiff's Amended Complaint and Defendant's Answer and defense.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce copies of all photographs, slides or motion pictures, video tapes, surveillance reports or other information identified in Interrogatory number 17 above.

**RESPONSE**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000006 of 000007

Filed        22-CI-00202      07/28/2022       Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:28 PM
90450-23

**REQUEST NO. 5**:  Please produce any logs kept official or unofficial for the month of the collision and six (6) months prior.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of March 24, 2022.

**RESPONSE**:

**REQUEST NO. 7**:  Please produce any Lytx drive camera video or data in its original .dce file format.

**RESPONSE**:

RESPECTFULLY submitted this 28th day of July 2022.

*/s/ Adrian Mendiondo*
ADRIAN MENDIONDO
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
*Counsel for Plaintiff*

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000007 of 000007

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

COMMONWEALTH OF KENTUCKY
SIMPSON CIRCUIT COURT
CIVIL ACTION NO.: _____
*Electronically Filed*

SIARA L. DAVIS                                                        PLAINTIFF

v.

GULZAR SINGH
and MN CARRIER LTD                                                   DEFENDANTS

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT, MN CARRIER LTD**

---

Comes the Plaintiff by counsel, and for her First Set of Interrogatories and Requests for Production of Documents to Defendant, MN Carrier LTD LLC, states as follows:

**INTERROGATORIES**:

**INTERROGATORY NO. 1**: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2**: Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER**:

**INTERROGATORY NO. 3**: Please state the name and address of the owner of the Defendant's truck that was involved in the incident described in the Plaintiff's Complaint for damages.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000001 of 000013

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**INTERROGATORY NO. 4**:  Please state the full name, address, date of birth, employer, and social security number of the driver of the truck involved in the incident in question.

**ANSWER**:

**INTERROGATORY NO. 5**:  Please state whether the person listed in the interrogatory above was employed by MN Carrier LTD LLC on the date of the collision. If so, describe his position and when he began working for MN Carrier LTD LLC.

**ANSWER**:

**INTERROGATORY NO. 6**:  If you contend that the driver listed in response to Interrogatory No. 4 was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER**:

**INTERROGATORY NO. 7**:  Please describe, specifically and in detail, MN Carrier LTD LLC's notification of the collision, including without limitation:

    a.    The person at MN Carrier LTD LLC who was first notified of the accident.

    b.    The date and time this person was notified?

    c.    Whether anyone at MN Carrier LTD LLC created a written record of the accident, and if so, whom?

    d.    Whether this record is kept in any Vehicle Accident Investigation File or its equivalent; and

    e.    Whether this record is kept in the ordinary course of business?

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000002 of 000013

2

Filed         22-CI-00202      07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**INTERROGATORY NO. 8**:  Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

**ANSWER**:

**INTERROGATORY NO. 9**:  Has MN Carrier LTD LLC, or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER**:

**INTERROGATORY NO. 10**: At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance, and other insurance in effect for MN Carrier LTD LLC and for the owner of the vehicle.

**ANSWER**:

**INTERROGATORY NO. 11**: Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000003 of 000013

Filed         22-CI-00202      07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

Filed          22-CI-00202      07/28/2022      Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**INTERROGATORY NO. 13:**  Identify any nonparty who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party.

**ANSWER**:

**INTERROGATORY NO. 14**:  Other than the incident at issue, please list all other incidents involving alleged personal injury in which the driver identified in Interrogatory No. 4 above, has been involved, either as an operator or passenger.

**ANSWER**:

**INTERROGATORY NO. 15:**  Did the driver in this case complete an application for employment or any paperwork prior to employment by MN Carrier LTD LLC?

**ANSWER**:

**INTERROGATORY NO. 16**: Describe all maintenance that has been performed on the subject vehicle for the six (6) months prior to the collision, including for each such maintenance:

    1. What prompted the maintenance visit;

    2. Who performed the maintenance;

    3. Who diagnosed the necessity for maintenance;

    4. What diagnosis was rendered;

    5. When were the repairs performed;

    6. What, if any, parts were replaced; and,

    7. Did the problem reoccur? If so, when?

**ANSWER**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000004 of 000013

4

Filed          22-CI-00202      07/28/2022       Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**INTERROGATORY NO. 17:**  Identify the US DOT number displayed on the Defendant's truck on the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 18:**  Describe and explain in detail the method of calculating the employee driver's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**ANSWER:**

**INTERROGATORY NO. 19**: Who at MN Carrier LTD LLC verified the employee driver was in compliance with federal safety regulations?

**ANSWER:**

**INTERROGATORY NO. 20:** Describe all training that MN Carrier LTD LLC provides or requires for its drivers/operators.

**ANSWER:**

**INTERROGATORY NO. 21:** At the time of this incident, was the cab equipped with a satellite communication device or e-mail capability, including a Qualicomm system such as SensorTRACS, TrailerTRACS, ViaWeb JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

**ANSWER:**

**INTERROGATORY NO. 22**:  List the engine manufacturer of the subject vehicle (i.e., Detroit Diesel, Cummins, Mack, Caterpillar) and the year it was made.

**ANSWER:**

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000005 of 000013

Filed          22-CI-00202      07/28/2022       Beth A. Fiss, Simpson Circuit Clerk

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**INTERROGATORY NO. 23**:  Explain how you contend the collision at issue occurred, including identifying each person or entity who you contend contributed in any way to causing the collision and describing all facts known to you that support your contention that any person or entity caused the collision.

**ANSWER**:


**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST  NO.  1**:  Please  produce  any  and  all  accident  and/or  incident  reports  and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**:  Please produce the accident register maintained as required by federal regulations.

**RESPONSE**:

**REQUEST NO. 3**:  If ISO certified, please produce all ISO Certification documents.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce all documents prepared concerning all inspections.

**RESPONSE**:

**REQUEST NO. 5**:  Please produce all leases and contracts that were in effect for the vehicle.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the entire personnel file of the employee driver.

**RESPONSE**:

**REQUEST NO. 7**:  Please produce the entire qualification file of the employee driver.

**RESPONSE**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000006 of 000013

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

Filed          22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**REQUEST NO. 8**:  Please produce the entire drug and alcohol file of the employee driver including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty, drug, and alcohol testing results.

**RESPONSE**:

**REQUEST NO. 9**:  Please produce the entire safety performance history file for the employee driver.

**RESPONSE**:

**REQUEST NO. 10**: Please produce any other file kept concerning the employee driver.

**RESPONSE**:

**REQUEST NO. 11**:  Please produce any and all payroll and benefit records for the employee driver for five (5) years prior to the collision to one (1) year after.

**RESPONSE**:

**REQUEST NO. 12**: Please produce any and all cancelled checks of any kind paid to the employee driver for twelve (12) months prior and six (6) months after the collision.

**RESPONSE**:

**REQUEST NO. 13**: Please produce all logs—official or unofficial—of the employee driver for the six (6) months before the collision and for thirty (30) days after the collision.

**RESPONSE**:

**REQUEST NO. 14**:  Please produce any and all records of health insurance claims, disability claims, sickness, or doctors' excuses of the employee driver for the five (5) years prior to the collision.

**RESPONSE**:

**REQUEST NO. 15**:  Please produce all records of the employee driver for the seven (7) days prior to the collision and for the day of the collision. Specifically, produce the following materials, as

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000007 of 000013

7

Filed          22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation

of "supporting documents":

        A. Bills of lading;

        B. Carrier pros;

        C. Freight bills;

        D. Dispatch records;

        E. Driver call-in records;

        F. Gate record receipts;

        G. Weight/scale tickets;

        H. Fuel billing statements;

        I. Toll receipts;

        J. International registration plan receipts;

        K. International fuel tax agreement receipts;

        L. Trip permits;

        M. Lessor settlement sheets;

        N. Port of entry receipts;

        O. Cash advance receipts;

        P. Delivery receipts;

        Q. Lumber receipts;

        R. Interchange and inspection reports;

        S. Over/short and damage reports;

        T. Agricultural inspection reports;

        U. Commercial Vehicle Safety Alliance reports;

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000008 of 000013

Filed          22-CI-00202        07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

V. Accident reports;

W. Telephone billing statements;

X. Credit card receipts;

Y. Driver fax reports;

Z. On-board computer reports;

AA. Border crossing reports;

BB. Custom declarations;

CC. Traffic citations;

DD. Overweight/oversize reports and citations;

EE. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**RESPONSE**:

**REQUEST NO. 16**:  Please produce any and all cellular and telephone records and bills of the Defendant for the day of the collision and seven (7) days prior.

**RESPONSE**:

**REQUEST NO. 17**:  Please produce any and all credit card bills and receipts for the employee driver the month the collision occurred.

**RESPONSE**:

**REQUEST NO. 18**: Please produce copies of any and all fuel tax reports of the employee driver for the year of this collision.

**RESPONSE**:

**REQUEST NO. 19**:  Please produce any and all state audits of the employee driver for the year of this collision and three (3) years prior.

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000009 of 000013

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**RESPONSE**:

**REQUEST NO. 20**: Please produce any and all federal accident reports filed by the employee driver the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 21**: Please produce any and all DOT inspection reports filed by the employee driver for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 22**: Please produce any and all long form DOT physicals of the employee driver.

**RESPONSE**:

**REQUEST NO. 23**: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for the employee driver for the month of this collision.

**RESPONSE**:

**REQUEST NO. 24**:  Please produce any and all DOT and State inspections of the vehicle involved in the crash for the year of the collision and one (1) year prior.

**RESPONSE**:

**REQUEST NO. 25**:  Produce a copy of all contracts or leases in effect on the date of the collision for the vehicle involved in the collision.

**RESPONSE**:

**REQUEST NO. 26**: Produce any photographs taken of the vehicle operated by the driver at the scene of the collision, or any time after.

**RESPONSE**:

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000010 of 000013

Filed          22-CI-00202        07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**REQUEST NO. 27**:  Produce copies of any documentation evidencing the completion or noncompletion of training programs and driver orientation programs by the employee driver.

**RESPONSE**:

**REQUEST NO. 28**: Produce copies of any and all satellite communications and e-mails for the day of the collision and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

   a. trip distance

   b. total vehicle driving time

   c. load factor

   d. vehicle speed limit

   e. maximum vehicle speed recorded

   f. number of hard brake incidents

   g. current engine speed (rpm)

   h. maximum and minimum cruise speed limits

   i. total vehicle driving distance

   j. fuel consumption (gal./hr.)

   k. idle time

   l. engine governed speed

   m. maximum engine speed recorded

   n. current throttle position

   o. brake switch status (on/off)

   p. odometer

   q. trip driving time

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000011 of 000013

11

Filed          22-CI-00202      07/28/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

r. overall fuel economy (mpg)

s. average driving speed

t. number of engine overspeeds

u. number of vehicle overspeeds

v. current vehicle speed (mph)

w. clutch switch status (on/off)

x. clock

**RESPONSE**:

**REQUEST NO. 29**: Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

**RESPONSE**:

**REQUEST NO. 30**: Please produce a copy of the completion or noncompletion of any safe driving programs by the employee driver.

**RESPONSE**:

**REQUEST NO. 31**: Please produce a copy of the driver manual or handbook issued to the employee driver.

**RESPONSE**:

**REQUEST NO. 32**: Please produce a copy of the company safety rules issued to the employee driver.

**RESPONSE**:

**REQUEST NO. 33**: Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the incident of March 24, 2022.

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000012 of 000013

12

Filed          22-CI-00202      07/28/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:14:48 PM
90450-23

**RESPONSE**:

**REQUEST NO. 34**:  Please produce all photographs, audio recordings, video recordings, or other audio or visual recordings or files of any type that reflect or depict in any way the collision at issue, or the activities of the driver or vehicle involved in the collision for the period beginning 24 hours prior to the collision and ending 24 hours after the collision.

**RESPONSE**:

**REQUEST NO. 35:**  Please produce any Lytx drive camera video or data in its original .dce file format.

**RESPONSE:**

RESPECTFULLY submitted this 28th day of July 2022.

/s/ Adrian Mendiondo
ADRIAN MENDIONDO
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
*Counsel for Plaintiffs*

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000013 of 000013

13



**Commonwealth of Kentucky**
**Beth A. Fiss, Simpson Circuit Clerk**

NOT ORIGINAL DOCUMENT
10/19/2022 01:15:09 PM
90450-23

| | |
|---|---|
| **Case #:** 22-CI-00202 | **Envelope #:** 4869182 |
| **Received From:** ADRIAN MENDIONDO | **Account Of:** ADRIAN MENDIONDO |
| **Case Title:** DAVIS, SIARA L VS. SINGH, GULZAR ET AL | **Confirmation Number:** 147421128 |
| **Filed On** 7/28/2022  2:05:19PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $15.04 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $1.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $2.80 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $308.84 |

Generated: 7/29/2022

Page 1 of 1

Filed    22-CI-00202    08/09/2022    Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:15:26 PM
90450-23

**UNITED STATES**
**POSTAL SERVICE** ™

Date Produced: 08/08/2022

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8384 5555 21. Our records indicate that this item was delivered on 08/04/2022 at 09:35 a.m. in BENTON, KY 42025. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :          106 E 12TH ST
                                BENTON, KY 42025-1522

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        C3585594.21177990

Filed    22-CI-00202    08/09/2022    Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:15:40 PM
90450-23

# COMMONWEALTH OF KENTUCKY
## SIMPSON CIRCUIT COURT
## CIVIL ACTION NO. 22-CI-202

### *Electronically Filed*

**SIARA L. DAVIS**                                                                    **PLAINTIFF**

**v.**

**GULZAR SINGH**                                                                   **DEFENDANTS**
**and**
**MN CARRIER LTD**


## NOTICE OF APPEARANCE AND CR 5.02(2) NOTICE
## ON BEHALF OF DEFENDANTS

\*     \*     \*     \*     \*

Matthew W. Breetz, Michael E. Kleinert, and Caitlyn M. Barnes of the law firm Stites &

Harbison, PLLC enter their appearances on behalf of the defendants, Gulzar Singh and MN

Carrier LTD.

The undersigned counsel notes that the defendants have not yet been served with the

summons or complaint in this matter, but have recently become aware of this litigation.

In addition, the defendants give notice of their election under CR 5.02(2) to effectuate

and receive service by electronic means to and from all attorneys in this action.  Please direct

service upon counsel for the defendants at the following email addresses:

mbreetz@stites.com

mkleinert@stites.com

cbarnes@stites.com

sspaulding@stites.com

Upon receipt of this notice, "all other attorneys or parties shall promptly provide the

requesting party or attorney with an electronic notification address at which the other attorneys

Filed          22-CI-00202        09/14/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:15:40 PM
90450-23

or parties may be served, and shall thereafter serve the requesting attorney or party through

electronic means whenever service of a document is required by these rules." CR 5.02(2).


/s/ Michael E. Kleinert
Matthew W. Breetz
Michael E. Kleinert
Caitlyn M. Barnes
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
mbreetz@stites.com
mkleinert@stites.com
cbarnes@stites.com

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by United States First Class Mail, postage prepaid, and by email on this 14th day of September, 2022, to the attorneys below.  Moving forward, pursuant to CR 5.02(2), the defendants will serve future pleadings only by electronic means:

Adrian Mendiondo
MORGAN & MORGAN KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
amendiondo@forthepeople.com
*Counsel for Plaintiff*


/s/ Michael E. Kleinert
Counsel for Defendants

Filed          22-CI-00202        09/14/2022        Beth A. Fiss, Simpson Circuit Clerk

EA : 000002 of 000002

Filed            22-CI-00202      10/06/2022      Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

COMMONWEALTH OF KENTUCKY
SIMPSON CIRCUIT COURT
CIVIL ACTION NO. 22-CI-202

*Electronically Filed*

SIARA L. DAVIS                                                        PLAINTIFF

v.

GULZAR SINGH                                                      DEFENDANTS
and
MN CARRIER LTD

## MN CARRIER LTD'S ANSWER TO COMPLAINT

\*      \*      \*      \*      \*

The defendant, MN Carrier LTD ("MN"), for its answer to the plaintiff's complaint,

states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      MN lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of the complaint.

2.      The allegations in paragraph 2 of the complaint are not directed towards MN.  To

the extent a response is required, MN states that, upon information and belief, Gulzar Singh is a

Canadian citizen who resides at 66 Literacy Drive, Brampton, Ontario L6P 3E9.  MN denies any

allegations in paragraph 2 that are inconsistent with these admissions.  MN lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 2 of the complaint.

3.      In response to the allegations contained in paragraph 3 of the complaint, MN

admits that it is a Canadian corporation with a business address of 27 Automatic Road,

ANS : 000001 of 000008

Filed            22-CI-00202      10/06/2022      Beth A. Fiss, Simpson Circuit Clerk

Filed        22-CI-00202        10/06/2022        Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

Brampton, Ontario L6S 4K6.  MN denies any allegations in paragraph 3 that are inconsistent with these admissions and denies any remaining allegations in paragraph 3 of the complaint.

4.    MN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.    The allegations contained in paragraph 5 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN admits that, at the time of the alleged incident, Gulzar Singh was operating the tractor trailer as an independent contractor/owner-operator for MN.  MN denies any allegations in paragraph 5 that are inconsistent with these admissions and denies any remaining allegations in paragraph 5 of the complaint.

6.    MN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    The allegations contained in paragraph 7 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN lacks knowledge or information sufficient to form a belief as to the truth of said allegations.

**COUNT I – ALLEGED COMMON LAW NEGLIGENCE AGAINST DEFENDANTS**

8.    In response to the allegations in paragraph 8 of the complaint, MN admits that, or or about March 24, 2022, Gulzar Singh was operating a 2016 Freightliner Cascadia on I-65.  MN denies any allegations in paragraph 8 that are inconsistent with these admissions.  MN lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the complaint.

9.    In response to the allegations in paragraph 9 of the complaint, MN admits that Gulzar Singh was operating the tractor trailer as an independent contractor/owner-operator for

ANS : 000002 of 000008

Filed        22-CI-00202        10/06/2022        Beth A. Fiss, Simpson Circuit Clerk

Filed          22-CI-00202          10/06/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

MN.  MN denies any allegations in paragraph 9 that are inconsistent with these admissions and denies any remaining allegations in paragraph 9 of the complaint.

10.     MN lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.     The allegations contained in paragraph 11 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN denies said allegations.

12.     MN denies the allegations in paragraph 12 of the complaint.

13.     MN denies the allegations in paragraph 13 of the complaint.

14.     MN denies the allegations in paragraph 14 of the complaint.

## COUNT II – ALLEGED NEGLIGENCE *PER SE* AGAINST DEFENDANTS

15.     In response to the allegations contained in paragraph 15 of the complaint, MN incorporates by reference, as though fully set forth herein, its corresponding responses, answers, and denials.

16.     The allegations contained in paragraph 16 of the complaint constitute conclusions of law to which no response is required, and they are also vague, ambiguous, and indefinite (such as the phrase "including but not limited to").  To the extent a response is required, MN denies said allegations.

17.     The allegations contained in paragraph 17 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN denies said allegations.

18.     MN denies the allegations in paragraph 18 of the complaint.

19.     MN denies the allegations in paragraph 19 of the complaint.

ANS : 000003 of 000008

-3-

Filed            22-CI-00202        10/06/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

## COUNT III – ALLEGED NEGLIGENT HIRING, TRAINING, SUPERVISING, AND ENTRUSTMENT AGAINST MN CARRIER LTD

20.     In response to the allegations contained in paragraph 20 of the complaint, MN incorporates by reference, as though fully set forth herein, its corresponding responses, answers, and denials.

21.     The allegations contained in paragraph 21 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN denies said allegations to the extent that they are inconsistent with controlling law and further denies the allegations in paragraph 21 due to the vague, ambiguous, and indefinite allegations contained in this paragraph.

22.     The allegations contained in paragraph 22 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN denies said allegations to the extent that they are inconsistent with controlling law and further denies the allegations in paragraph 22 due to the vague, ambiguous, and indefinite allegations contained in this paragraph.

23.     The allegations contained in paragraph 23 of the complaint constitute conclusions of law to which no response is required.  To the extent a response is required, MN denies said allegations.

24.     The allegations contained in paragraph 24 of the complaint constitute conclusions of law to which no response is required, and they are also vague, ambiguous, and indefinite (such as the phrase "including but not limited to").  To the extent a response is required, MN denies said allegations.

25.     MN denies the allegations in paragraph 25 of the complaint.

26.     MN denies the allegations in paragraph 26 of the complaint.

ANS : 000004 of 000008

-4-

Filed          22-CI-00202       10/06/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

27.     MN denies any facts and allegations recited in the complaint not expressly admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.     The complaint fails to state a claim against MN upon which relief can be granted.

2.     The plaintiff's claims may be barred, in whole or in part, because MN has not breached any duty owed to the plaintiff.

3.     The plaintiff's claims may be barred, in whole or in part, because the plaintiff has suffered no actionable injury, damage, or harm attributable to MN.

4.     The plaintiff's claims may be barred, in whole or in part, because the actions or inactions of MN were not the proximate cause of the plaintiff's alleged injuries or damages.

5.     The plaintiff's claims may be barred, in whole or in part, by the doctrine of comparative fault, assumption of the risk, and/or the plaintiff's failure to mitigate damages.

6.     The plaintiff's claims may be barred, in whole or in part, by estoppel, waiver, payment, and/or release.

7.     The plaintiff's claims may be barred, in whole or in part, by insufficiency of process and/or insufficiency of service of process.

8.     If discovery reveals that, at the time and place in question, the plaintiff failed to exercise ordinary care and that such failure caused or contributed to the accident or the plaintiff's claimed injuries or damages, then MN is not be liable for the plaintiff's claims or fault should be apportioned in accordance with Kentucky law.

9.     If discovery reveals that, at the time and place in question, the acts or omissions of others, for whom MN is not responsible, were the sole cause, or in the alternative, a substantial factor in causing the accident or the plaintiff's claimed injuries or damages, then MN

ANS : 000005 of 000008

Filed          22-CI-00202       10/06/2022          Beth A. Fiss, Simpson Circuit Clerk

Filed         22-CI-00202      10/06/2022         Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

is not be liable for the plaintiff's claims or fault should be apportioned in accordance with

Kentucky law.

10.     If discovery reveals that, at the time and place in question, the plaintiff's injuries

or damages, if any, were the result of intervening or superseding events, factors, occurrences, or

conditions, which were in no way caused by MN, then MN is not be liable for the plaintiff's

claims or fault should be apportioned in accordance with Kentucky law.

11.     To the extent the plaintiff is asserting claims for punitive damages against MN,

such claims are barred or reduced by applicable law or statute or, in the alternative, are

unconstitutional insofar as they violate the due process protections afforded by the United States

Constitution, the excessive fine clause of the Eighth Amendment of the United States

Constitution, the commerce clause of the United States Constitution, the full faith and credit

clause of the United States Constitution, and applicable provisions of the Constitution of the

State of Kentucky.  Any law, statute, or authority purporting to permit the recovery of punitive

damages in this case is unconstitutional, facially and as applied, to the extent that, without

limitation, it:  (1) lacks constitutionally-sufficient standards to guide and restrain the jury's

discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

void for vagueness in that it failed to provide adequate advance notice as to what conduct will

result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages

based upon out-of-state conduct, conduct that complied with applicable law, or conduct that was

not directed, or did not proximately cause harm to the plaintiff; (4) unconstitutionally may permit

recovery of punitive damages in an amount that is not reasonable and proportionate to the

amount of harm, if any, to the plaintiff and any awarded compensatory damages; (5)

unconstitutionally may permit recovery of punitive damages in an amount substantially greater

ANS : 000006 of 000008

Filed         22-CI-00202      10/06/2022         Beth A. Fiss, Simpson Circuit Clerk

Filed            22-CI-00202        10/06/2022          Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

than the amount of statutory penalties for fines that may be levied with respect to similar conduct; (6) unconstitutionally may permit jury consideration of net worth or other financial information relating to this defendant; (7) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (8) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (9) otherwise fails to satisfy Supreme Court precedent.

12.     MN reserves the right to raise any and all other defenses, affirmative or otherwise, about which it presently lacks sufficient information but which may become or appear available during the course of this litigation.

13.     MN reserves the right to join and assert third-party claims against presently unnamed parties for damages resulting from their actions about which it presently lacks sufficient information but which may become or appear available during the course of this litigation.

WHEREFORE, the defendant, MN Carrier LTD, respectfully demands:

1.     Dismissal of the plaintiff's complaint with prejudice;

2.     Recovery of its costs and fees incurred herein; and

3.     Any and all further relief to which it is entitled.

ANS : 000007 of 000008

Filed            22-CI-00202        10/06/2022        -7-    Beth A. Fiss, Simpson Circuit Clerk

Filed 22-CI-00202 10/06/2022 Beth A. Fiss, Simpson Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 01:16:05 PM
90450-23

/s/ Michael E. Kleinert
Matthew W. Breetz
Michael E. Kleinert
Caitlyn M. Barnes
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
mbreetz@stites.com
mkleinert@stites.com
cbarnes@stites.com
*Counsel for Defendant, MN Carrier LTD*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of October, 2022, a true and correct copy of the foregoing was electronically filed with the Court and was served by email to the following:

Adrian Mendiondo
MORGAN & MORGAN KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
amendiondo@forthepeople.com
*Counsel for Plaintiff*

/s/ Michael E. Kleinert
Counsel for Defendant

ANS : 000008 of 000008

Filed 22-CI-00202 10/06/2022 Beth A. Fiss, Simpson Circuit Clerk